**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CASE NO.**  3:13-cv-62 |
| | : | |
| **v.** | : | |
| | : | |
| **$940,313.00 IN UNITED STATES** | : | |
| **FUNDS,** | : | |
| **Defendant Property.** | : | |
| | : | |

_____

## VERIFIED COMPLAINT FOR FORFEITURE

COMES NOW, Plaintiff, the United States of America, by and through its attorney, the United States Attorney for the Middle District of Georgia, brings this complaint and alleges as follows in accordance with Rule G(2) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure:

### *Nature of the Action*

1.      This is a civil action *in rem* brought pursuant to Title 31, United States Code, Section 5317(c)(2), to forfeit and condemn to the use and benefit of the United States of America certain personal property, to wit:  $940,313.00 in United States funds (hereinafter "Defendant Property").

2.      Further, Title 18, United States Code, Section 984 provides that the United States may seek forfeiture of fungible property, including funds contained within a bank account.  Specifically, subject to a one year limitation from the date of the offense, "it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture . . . and it shall not be a defense that the

property involved in such an offense has been removed and replaced by identical property."  18 U.S.C. § 984(a)(1)(A),(B).  Thus, "any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture."  18 U.S.C. § 984(a)(2).

### *The Defendant in Rem*

3.     The Defendant Property consists of $940,313.00 in United States funds, seized on April 12, 2013, from Bank Account Number 484644 in the name of Clyde Armory, Inc., located at Robins Federal Credit Union, 803 Watson Boulevard, Warner Robins, Georgia, 31093.  It is presently in the custody of the Internal Revenue Service ("IRS") and has been deposited into the Customs Suspense Account.

### *Jurisdiction and Venue*

4.     Plaintiff brings this action *in rem* in its own right to forfeit the Defendant Property.  This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and over an action for forfeiture under 28 U.S.C. § 1355(a).

5.     This Court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b).  Upon the filing of this complaint, the Plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the Plaintiff will execute upon the Defendant Property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1355(b)(1)(A) and 28 U.S.C. 1395, because the acts or omissions giving rise to the forfeiture occurred in, or accrued in Bogart, Georgia, which is a place within the Middle District of Georgia.

7.     The seizure of the Defendant Property was made by the United States Department of Treasury, IRS, which was then referred to the United States Attorney for the Middle District of Georgia.[1]   On or about April 26, 2013, Clyde Armory, Inc., and Andrew Clyde, submitted a claim for the Defendant Property through their counsel of record, Michael C. Daniel, Esquire, 490 North Milledge Avenue, Athens, Georgia, 30601, to the IRS and copied the United States Attorney's Office for the Middle District of Georgia.[2]

### Basis For Forfeiture

8.     Title 31, United States Code, Section 5313 and 31 C.F.R., Part 1010, Section 1010.311 of the Bank Secrecy Act requires that any financial institution engaged with a customer in a currency transaction i.e., a deposit or withdrawal in excess of $10,000.00 must report the transaction to the IRS on FINCEN[3] Form 104,

---

[1] Title 19, United States Code, Section 1607(a)(4) specifically provides for the administrative forfeiture of monetary instruments without limiting the dollar value, but does not apply to funds contained within a bank account.  *See* Title 31, United States Code, Section 5312(a)(3) (defining monetary instrument to mean currency, traveler's checks, various forms of bearer paper, and "similar material", but does not embody funds in a bank account).  Thus, an administrative forfeiture of the Defendant Property could not be initiated, and the funds are subject to judicial forfeiture.

[2] The implementation of the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), included the enactment of Title 18, United States Code, Section 983(a)(3) which requires that the Government commence a judicial forfeiture within ninety (90) days of receipt by a seizing agency of a claim filed in an administrative forfeiture proceeding. CAFRA however, did not set a deadline for cases that are barred from beginning administratively.  In accordance with the policy for the Department of Justice, the United States Attorney's Office for the Middle District of Georgia, has filed the foregoing Verified Complaint within ninety (90) days of having received the copy of the claim made to the IRS for the Defendant Property.  *See Policy Manual:  Asset Forfeiture Policy Manual* (2012), Chap. 2, Sec. I.G.3.d.

[3] Financial Crime Enforcement Network

Currency Transaction Report (CTR).   31 U.S.C. § 5324 prohibits any person from structuring any transaction for the purpose of evading the reporting requirements of a domestic financial institution.

9.    To establish that transactions were structured to evade the reporting requirement of 31 U.S.C. § 5313(a), the government must prove that the subject structured or assisted in structuring, or attempted to structure or assisted in attempting to structure, any transaction with one or more domestic financial institutions in amounts of $10,000.00 or less.

10.    18 U.S.C. § 984 allows the United States to seize, for civil forfeiture, identical property found in the same place where the "guilty" property had been kept. Therefore, monies seized from a bank account need not have been the particular monies involved in structuring, so long as structured funds were on deposit in that same account within one year of the seizure.

11.    The Defendant Property constitutes property involved in funds structured into a domestic financial institution with the intent to evade the currency reporting requirements or caused or attempted to cause a financial institution to fail to file a report, all in violation of Title 31, United States Code, Section 5324, and is therefore, subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2), in conjunction with 18 U.S.C § 984.

12.    Willfulness is not an element of a civil forfeiture action for property involved in a structuring violation.  See *United States v. Ratzlaf,* 510 U.S. 135, 146 n.16 (1994).  Accordingly, in this instant forfeiture action, the Government only needs to show by a preponderance of the evidence that cash deposits in excess of $10,000.00

4

were divided into amounts less than that amount for deposits in such a manner so as to avoid filing of CTRs.

### Factual Allegations

13.     According to the Georgia Secretary of State Corporate Division's records, Clyde Armory, Inc. is a for profit corporation with a principal address of 4800 Atlanta Highway, Bogart, Georgia 30622.   Andrew Clyde is the registered agent, Chief Executive Officer, Chief Financial Officer, and Secretary of Clyde Armory, Inc.

14.     Robins Federal Credit Union ("RFCU"), Bank Account Number 484644 held in the name of Clyde Armory, Inc., was opened by Andrew Clyde who is the only signatory on the account.

15.     An analysis of the RFCU bank records reviewed for Bank Account Number 484644, during the time period of May 2012 through March 2013, shows that most deposits were made on either the same day or consecutive day that individually were below $10,000.01, but in the aggregate totaled more than $10,000.01, which indicates that the deposits were structured to circumvent reporting requirements.

16.     Cash deposits were made into RFCU Bank Account Number 484644, as follows[4].

| Counter | Deposit Date | Deposit Time | Deposit Amount | Account Number |
|---|---|---|---|---|
| 1 | 05/03/2012 | 4:04 PM | $9,950.00 | 484644 |
| 2 | 05/22/2012 | 2:36 PM | $9,971.00 | 484644 |
| 3 | 05/29/2012 | 3:56 PM | $9,577.00 | 484644 |

4 Same day and consecutive day cash deposits are highlighted in bold.

| | | | | |
|---|---|---|---|---|
| 4 | 06/25/2012 | 4:14 PM | $9,800.00 | 484644 |
| **5** | **07/24/2012** | **2:35 PM** | **$9,805.00** | **484644** |
| **6** | **07/25/2012** | **12:45 PM** | **$2,090.00** | **484644** |
| **7** | **07/30/2012** | **2:05 PM** | **$9,800.00** | **484644** |
| **8** | **07/31/2012** | **1:35 PM** | **$2,802.00** | **484644** |
| **9** | **08/06/2012** | **1:32 PM** | **$9,900.00** | **484644** |
| **10** | **08/07/2012** | **2:27 PM** | **$2,884.00** | **484644** |
| 11 | 08/13/2012 | 4:40 PM | $7,260.00 | 484644 |
| 12 | 08/15/2012 | 2:10 PM | $8,272.00 | 484644 |
| **13** | **08/20/2012** | **4:50 PM** | **$9,974.00** | **484644** |
| **14** | **08/21/2012** | **12:40 PM** | **$9,935.00** | **484644** |
| **15** | **08/27/2012** | **1:43 PM** | **$9,900.00** | **484644** |
| **16** | **08/28/2012** | **3:54 PM** | **$5,909.00** | **484644** |
| **17** | **09/04/2012** | **1:22 PM** | **$9,763.00** | **484644** |
| **18** | **09/05/2012** | **4:52 PM** | **$5,961.00** | **484644** |
| 19 | 09/17/2012 | 2:01 PM | $9,950.00 | 484644 |
| 20 | 09/21/2012 | 2:32 PM | $8,509.00 | 484644 |
| 21 | 09/24/2012 | 2:02 PM | $4,983.00 | 484644 |
| 22 | 10/01/2012 | 1:47 PM | $8,111.00 | 484644 |
| 23 | 10/09/2012 | 12:19 PM | $9,985.00 | 484644 |
| 24 | 10/12/2012 | 1:17 PM | $9,792.00 | 484644 |
| 25 | 10/19/2012 | 1:18 PM | $9,975.00 | 484644 |
| 26 | 10/23/2012 | 2:10 PM | $9,990.00 | 484644 |
| 27 | 10/30/2012 | 2:31 PM | $8,284.00 | 484644 |
| 28 | 11/01/2012 | 4:46 PM | $9,065.00 | 484644 |
| 29 | 11/08/2012 | 2:04 PM | $9,976.00 | 484644 |
| **30** | **11/13/2012** | **1:16 PM** | **$9,966.00** | **484644** |
| **31** | **11/14/2012** | **1:37 PM** | **$9,989.00** | **484644** |
| **32** | **11/19/2012** | **1:44 PM** | **$9,935.00** | **484644** |
| **33** | **11/20/2012** | **3:04 PM** | **$8,615.00** | **484644** |
| 34 | 11/23/2012 | 4:36 PM | $9,959.00 | 484644 |
| 35 | 11/26/2012 | 2:22 PM | $9,900.00 | 484644 |
| 36 | 12/03/2012 | 2:31 PM | $9,904.00 | 484644 |
| **37** | **12/10/2012** | **3:41 PM** | **$9,995.00** | **484644** |
| **38** | **12/11/2012** | **2:10 PM** | **$9,993.00** | **484644** |
| **39** | **12/13/2012** | **2:05 PM** | **$9,998.00** | **484644** |
| **40** | **12/14/2012** | **5:05 PM** | **$9,990.00** | **484644** |
| **41** | **12/17/2012** | **3:26 PM** | **$9,980.00** | **484644** |
| **42** | **12/18/2012** | **2:00 PM** | **$8,890.00** | **484644** |
| **43** | **12/19/2012** | **2:09 PM** | **$9,814.00** | **484644** |

| | | | | |
|---|---|---|---|---|
| **44** | **12/20/2012** | **3:41 PM** | **$9,976.00** | **484644** |
| 45 | 12/22/2012 | 9:29 AM | $9,900.00 | 484644 |
| **46** | **12/26/2012** | **4:21 PM** | **$9,800.00** | **484644** |
| **47** | **12/27/2012** | **5:10 PM** | **$9,880.00** | **484644** |
| 48 | 12/29/2012 | 9:15 AM | $9,960.00 | 484644 |
| **49** | **01/02/2013** | **10:01 AM** | **$9,897.00** | **484644** |
| **50** | **01/03/2013** | **12:50 PM** | **$9,842.00** | **484644** |
| 51 | 01/05/2013 | 10:53 AM | $9,969.00 | 484644 |
| **52** | **01/08/2013** | **1:49 PM** | **$9,932.00** | **484644** |
| **53** | **01/09/2013** | **2:02 PM** | **$9,975.00** | **484644** |
| **54** | **01/10/2013** | **3:46 PM** | **$9,872.00** | **484644** |
| **55** | **01/11/2013** | **1:06 PM** | **$9,912.00** | **484644** |
| **56** | **01/12/2013** | **1:00 PM** | **$8,800.00** | **484644** |
| **57** | **01/14/2013** | **12:02 PM** | **$9,931.00** | **484644** |
| **58** | **01/15/2013** | **2:02 PM** | **$9,780.00** | **484644** |
| **59** | **01/16/2013** | **1:23 PM** | **$9,988.00** | **484644** |
| **60** | **01/17/2013** | **1:33 PM** | **$9,563.00** | **484644** |
| **61** | **01/18/2013** | **2:26 PM** | **$9,825.00** | **484644** |
| **62** | **01/19/2013** | **12:39 PM** | **$9,900.00** | **484644** |
| **63** | **01/22/2013** | **11:45 AM** | **$9,974.00** | **484644** |
| **64** | **01/23/2013** | **2:11 PM** | **$9,771.00** | **484644** |
| **65** | **01/24/2013** | **1:36 PM** | **$9,611.00** | **484644** |
| **66** | **01/25/2013** | **1:43 PM** | **$9,880.00** | **484644** |
| **67** | **01/28/2013** | **2:18 PM** | **$9,930.00** | **484644** |
| **68** | **01/29/2013** | **11:34 AM** | **$9,986.00** | **484644** |
| **69** | **01/30/2013** | **2:04 PM** | **$9,998.00** | **484644** |
| **70** | **01/31/2013** | **2:23 PM** | **$9,996.00** | **484644** |
| **71** | **02/01/2013** | **2:07 PM** | **$9,991.00** | **484644** |
| **72** | **02/04/2013** | **2:03 PM** | **$9,991.00** | **484644** |
| **73** | **02/05/2013** | **2:14 PM** | **$9,986.00** | **484644** |
| **74** | **02/06/2013** | **2:43 PM** | **$9,986.00** | **484644** |
| **75** | **02/07/2013** | **2:37 PM** | **$9,987.00** | **484644** |
| **76** | **02/08/2013** | **12:48 PM** | **$9,569.00** | **484644** |
| **77** | **02/09/2013** | **11:21 AM** | **$7,641.00** | **484644** |
| **78** | **02/11/2013** | **12:36 PM** | **$9,993.00** | **484644** |
| **79** | **02/12/2013** | **1:11 PM** | **$6,159.00** | **484644** |
| **80** | **02/13/2013** | **1:32 PM** | **$3,913.00** | **484644** |
| **81** | **02/14/2013** | **2:00 PM** | **$5,046.00** | **484644** |
| **82** | **02/15/2013** | **2:27 PM** | **$6,048.00** | **484644** |

| | | | | |
|---|---|---|---|---|
| 83 | 02/16/2013 | 12:16 PM | $9,473.00 | 484644 |
| 84 | 02/19/2013 | 1:05 PM | $9,998.00 | 484644 |
| 85 | 02/20/2013 | 2:13 PM | $9,117.00 | 484644 |
| 86 | 02/21/2013 | 2:05 PM | $6,681.00 | 484644 |
| 87 | 02/22/2013 | 2:36 PM | $3,561.00 | 484644 |
| 88 | 02/25/2013 | 3:04 PM | $9,998.00 | 484644 |
| 89 | 02/26/2013 | 2:36 PM | $9,996.00 | 484644 |
| 90 | 02/27/2013 | 1:25 PM | $2,190.00 | 484644 |
| 91 | 02/28/2013 | 2:25 PM | $2,166.00 | 484644 |
| 92 | 03/01/2013 | 2:52 PM | $5,195.00 | 484644 |
| 93 | 03/04/2013 | 3:08 PM | $9,919.00 | 484644 |
| 94 | 03/05/2013 | 2:35 PM | $9,894.00 | 484644 |
| 95 | 03/06/2013 | 2:40 PM | $4,049.00 | 484644 |
| 96 | 03/07/2013 | 2:04 PM | $6,364.00 | 484644 |
| 97 | 03/08/2013 | 2:22 PM | $6,893.00 | 484644 |
| 98 | 03/11/2013 | 2:24 PM | $9,999.00 | 484644 |
| 99 | 03/12/2013 | 3:08 PM | $4,539.00 | 484644 |
| 100 | 03/13/2013 | 4:13 PM | $9,471.00 | 484644 |
| 101 | 03/14/2013 | 3:05 PM | $3,948.00 | 484644 |
| 102 | 03/15/2013 | 2:47 PM | $1,628.00 | 484644 |
| 103 | 03/16/2013 | 12:19 PM | $8,300.00 | 484644 |
| 104 | 03/18/2013 | 2:49 PM | $9,995.00 | 484644 |
| 105 | 03/19/2013 | 2:29 PM | $9,995.00 | 484644 |
| 106 | 03/20/2013 | 2:39 PM | $9,681.00 | 484644 |
| 107 | 03/21/2013 | 2:42 PM | $4,269.00 | 484644 |
| 108 | 03/22/2013 | 1:31 PM | $9,736.00 | 484644 |
| 109 | 03/25/2013 | 2:17 PM | $9,999.00 | 484644 |

**Total**                                 **$940,313.00**

17.    The total amount of the cash deposits made into the RFCU Bank Account, during the specified time, was approximately $940,313.00 in United States funds.

18.    Even when the business of Clyde Armory Inc. possessed cash intended for eventual deposit in excess of $10,000.00, the deposits were intentionally kept below $10,000.01 to avoid the bank reporting requirement.

8

19.    On April 12, 2013, the IRS executed a seizure warrant at RFCU, located at 803 Watson Boulevard, Warner Robins, Georgia, 31093, related to Bank Account Number 484644.  A total of $940,313.00 in United States funds were seized from RFCU Bank Account Number 484644, which represents the Defendant Property.

20.    The total amount of structured deposits made into the RFCU bank account the year prior to the seizure of the Defendant Property made on April 12, 2013, equals the total amount actually seized.  Thus, 18 U.S.C. § 984 makes the funds seized from the RFCU bank account subject to forfeiture to the extent that monies involved in structuring were located in the account in the year preceding the seizure.

21.    On April 12, 2013, Task Force Agent Kenneth S. Gober and Special Agent Bryant Brooks of the IRS, conducted an interview of Andrew Clyde at the business location for Clyde Armory, Inc.  During the interview, Andrew Clyde stated to the Agents that he is aware of the report filed by banks when cash deposits are made over $10,000.00, and that it is generally known in the industry to keep cash deposits below $10,000.00 to avoid IRS audits.

22.    On April 17, 2013, the IRS Agents interviewed the former financial manager for Clyde Armory, Inc.  During the interview, the former financial manager for Clyde Armory, Inc. indicated that Andrew Clyde had provided specific instruction to never make bank deposits for cash in an amount exceeding $10,000.00 because he did not want a report sent to the IRS that would trigger an audit.

### Conclusion

23.    Based on the foregoing, the Defendant Property constitutes property involved in transactions or attempted transactions structured into a domestic financial

institution(s) with the intent to evade the currency reporting requirements or caused or attempted to cause a financial institution to fail to file a report, all in violation of Title 31, United States Code, Section 5324(a), and constitutes property fungible to such property, and is therefore, subject to forfeiture pursuant to 31 U.S.C. § 5317(c)(2), and 18 U.S.C § 984.

WHEREFORE, the United States of America prays that process of warrant issue for the arrest of the Defendant Property; that due notice be given to all parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant Property forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

RESPECTFULLY SUBMITTED, May 29, 2013.

MICHAEL J. MOORE
UNITED STATES ATTORNEY


By:     s/ DANIAL E. BENNETT
        ASSISTANT UNITED STATES ATTORNEY
        GEORGIA STATE BAR NO.  052683
        UNITED STATES ATTORNEY'S OFFICE
        Post Office Box 1702
        Macon, Georgia 31202-1702
        Telephone: (478) 752-3511
        Facsimile: (478) 621-2712