IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 3:13-CV-62 |
| v. | : | |
| | : | |
| $940,313.00 IN UNITED STATES | : | |
| PROPERTY | : | |
| | : | JURY TRIAL DEMANDED |
| Claimants. | : | |

VERIFIED ANSWER AND DEFENSES TO COMPLAINT
FOR FORFEITURE IN REM AND COUNTERCLAIMS[1]

COMES NOW, Andrew Clyde and Clyde Armory, Inc. and respectfully files this Verified Answer and Defenses to Complaint for Forfeiture In Rem and Counterclaims, pursuant to 18 U.S.C. § 983, Rule 12 of the Federal Rules of Civil Procedure, and Rule G of the Supplemental Rules for Certain Admiralty and Maritime Claims, and hereby answer Plaintiff United States of America's Verified Complaint for Forfeiture of $940,313.00 in United States Property ("Defendant Property") (Doc #1), in this action as follows:

FIRST AFFIRMATIVEDEFENSE

The Defendant Property is not subject to forfeiture for the reason that no person knowingly caused or attempted to cause any domestic financial institution to fail to file any report or keep any records required under 31 U.S.C. § 5313 or any regulation prescribed thereunder.

SECONDAFFIRMATIVEDEFENSE

The Defendant Property is not subject to forfeiture for the reason that any failure to

---

[1] Claimant incorporates their Verified Claim filed contemporaneously (Doc #4) with this Verified Answer and Defenses to Complaint for Forfeiture In Rem and Counterclaims, as if restated herein.

file any report or keep any records required under 31 U.S.C. § 5313 or any regulation prescribed thereunder was the result of negligence per se, negligence, or violation of laws, regulations, rules or procedures by nonparties.

### THIRD AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture for the reason that there is no connection between the Defendant Property and any unlawful activity.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture for the reason that Claimants are innocent owners of the Defendant Property, pursuant to 18 U.S.C. § 983(d)(1) and other authority.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture for the reason that the Defendant Property was not "involved in" any offense, pursuant to 31 U.S.C. § 5317(c).

### SIXTH AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture for the reason that there was insufficient probable cause to believe that the Defendant Property was subject to forfeiture, and the Defendant Property was seized in violation of Claimants' constitutional rights.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture for the reason that forfeiture of the Defendant Property would be excessive or would constitute an excessive fine, in violation of Claimants' constitutional and statutory rights.

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint fails to state sufficiently detailed facts to support a reasonable belief

that Plaintiff will be able to meet its burden of proof at trial, pursuant to Rule G(2) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

## NINTH AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture for the reason that forfeiture of some of the Defendant Property is barred by the limitation period in 18 U.S.C. § 984(b).

## TENTH AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture for the reason that Plaintiff has unduly delayed filing this action.

## ELEVENTH AFFIRMATIVE DEFENSE

The Defendant Property is not subject to forfeiture on the ground of laches.

## TWELFTH AFFIRMATIVE DEFENSE

Claimants and any banks or financial institutions should have been exempted from filing any reports pursuant to regulations by the United States Department of Treasury, the Financial Crimes Enforcement Network or other federal departments or agencies, as a result of the fact that Claimants were regular customers of the banks and financial institutions at issue.

## THIRTEENTH DEFENSE

Federal statutes 18 USCS § 983, 31 USCS § 5313, 5317 & 5324 and Claimants submit that the Statute is unconstitutional on its face and in its implementation in this action.

## FOURTEENTH DEFENSE

Claimant asserts all affirmative defenses contained in Fed. R. Civ. P. 8(c) to the extent the same may apply.

## FIFTEENTH  DEFENSE

Claimants respond to the individual Paragraphs as follows:

*Nature of the Action*

1.

The Plaintiff makes a legal assertion which does not require a response.

2.

The Plaintiff makes a legal assertion to which does not require a response.

*Defendant in Rem*

3.

Claimant admits the first sentence of this Paragraph. Claimant is unable to admit or deny the remaining allegation contained in this paragraph for want of knowledge.

*Jurisdiction and Venue*

4.

Claimants admit the allegation in this Paragraph.

5.

Claimants admit the first sentence of this Paragraph.  The remainder of the Paragraph is a legal assertion to which no response is required.

6.

Claimants admit that venue lies with the Court, Claimants deny the remaining allegations contained in this paragraph.

7.

Claimants admit the second sentence of this Paragraph. Claimant is unable to admit or deny the remaining allegation contained in this paragraph for want of knowledge.

*Basis for Forfeiture*

8.

The Plaintiff makes a legal assertion which does not require a response.

9.

The Plaintiff makes a legal assertion which does not require a response.

10.

The Plaintiff makes a legal assertion which does not require a response.

11.

Claimants deny the allegations contained in this paragraph.

12.

The Plaintiff makes a legal assertion which does not require a response. Notwithstanding the foregoing statement, Claimants assert that the legal standard set forth by the Plaintiff is incorrect.   The Government must prove (1) Claimant engaged in acts of structuring; (2) that he did so with knowledge that the financial institutions involved were legally obligated to report currency transactions in excess of $ 10,000; and (3) that he acted with the intent to evade this reporting requirement.  *United States v. MacPherson*, 424 F.3d 183, 189 (2d Cir. 2005). Citing to the Second Circuit's decision in *MacPherson,* the Eleventh Circuit in *United States v. Hovind*, 305 Fed. Appx. 615, 621 (11th  Cir. 2008) looked to evidence showing that the Defendants "had knowledge of, and the intent to avoid, reporting."

*Factual Allegations*

13.

Claimants admit the allegations in this Paragraph.

14.

Claimants admit the allegations in this Paragraph.

15.

Claimants admit that it has an account at RFCU, Account No. 484644. Claimants aver that the account history speaks for itself. Claimants specifically deny that the deposits were structured to circumvent reporting requirements.

16.

Claimants admit that it has an account at RFCU, Account No. 484644. Claimants aver that the account history speaks for itself. Claimants specifically deny that the deposits were structured to circumvent reporting requirements.

17.

Claimants admit the allegation in this Paragraph.

18.

Claimants deny the allegations contained in this paragraph.

19.

Claimants admit the allegations in this Paragraph.

20.

Claimants deny the allegations contained in this paragraph.

21.

Claimants deny the allegations contained in this paragraph.

22.

Claimants are unable to admit or deny the allegation contained in this paragraph for

want of knowledge.

*Conclusion*

23.

Claimants deny the allegations contained in this paragraph.

24.

Each and every allegation not specifically admitted, controverted or denied is hereby expressly denied.

## COUNTERCLAIMS

Claimants, as Counterclaim Plaintiffs, hereby assert the following Counterclaims against Plaintiff as follows:

1.     Claimants hereby incorporate by reference Claimants' answers and responses to paragraphs 1 through 24 of the Complaint as if fully re-alleged and set forth herein.

### JURISDICTION AND VENUE

2.     This Court possesses jurisdiction over this matter pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1345 and 28 U.S.C. § 1355.

3.     Venue is proper in this Court since the Defendant Property is located in this District pursuant to 28 U.S.C. § 1395.

### COUNTERCLAIM ONE
### ATTORNEY FEES, COSTS AND INTEREST
### PURSUANT TO 28 U.S.C. § 2465

4.     Claimants hereby incorporate by reference Claimants' answers and responses to paragraphs 1 through 24 of the Complaint and paragraphs 1 through 3 of Claimants' Counterclaims, as if fully re-alleged and set forth herein.

5.     In the event that any of the Claimants substantially prevail in this proceeding,

Claimants are entitled to an award from Plaintiff or the United States of their reasonable attorney fees and other litigation costs reasonably incurred by any Claimant, as well as interest, including post-judgment interest, any interest actually paid to the United States and/or imputed interest, pursuant to 28 U.S.C. § 2465.

<u>COUNTERCLAIM TWO</u>
<u>COSTS, FEES AND EXPENSES PURSUANT TO THE</u>
<u>EQUAL ACCESS TO JUSTICE ACT,</u>
<u>28 U.S.C. §</u>
<u>2465</u>

6.    Claimants hereby incorporate by reference Claimants' answers and responses to paragraphs 1 through 24 of the Complaint and paragraphs 1 through 5 of Claimants' Counterclaims, as if fully re-alleged and set forth herein.

7.    Plaintiff and/or its agencies or officials have acted in bad faith in seizing and/or retaining the Defendant Property, and/or in instituting this proceeding.

8.    The position of the United States in this action is not substantially justified.

9.    There are no circumstances making an award of costs, reasonable fees and expenses of attorneys or other relief unjust.

10.    In the event that any of the Claimants substantially prevail in this proceeding, Claimants are entitled to an award from Plaintiff or the United States of their costs, reasonable fees and expenses of attorneys, and such other and further relief as the Court may deem just and proper.

WHEREFORE, Counterclaim Plaintiffs, respectfully pray:

1.    That Plaintiff be denied any and all relief prayed for in Plaintiff's Complaint;

2.    That the Defendant Property be returned to Claimants, plus any and all applicable interest;

8

3.     That Claimants be awarded any costs or expenses in this matter, including reasonable attorney's fees and expenses of attorneys;

4.     That a jury trial be held on all issues triable by jury;

5.     That the Court declare the forfeiture an unconstitutional violation of the Eighth Amendment and mitigate the forfeiture *instanter*;

6.     That this Court grant Counterclaim Plaintiffs such other and further relief as it may deem just and proper.

Respectfully submitted this 4th day of June, 2013.

PRIOR, DANIEL & WILTSHIRE, LLC

By:     /s/ Michael C. Daniel
        Michael C. Daniel
        State Bar No. 204237
        Attorney for Claimant

490 N. Milledge Avenue
Athens, Georgia 30601
(706) 543-0002

## VERIFICATION

I, Andrew Clyde, on behalf of and as President of Clyde Armory, Inc., Claimants in this action, personally appeared before the undersigned Notary Public, and declares under penalty of perjury that I have read the forgoing Verified Answer and Defenses to Complaint for Forfeiture *In Rem* and Counterclaims and that the facts stated in the foregoing Verified Answer and Defenses to Complaint for Forfeiture *In Rem* and Counterclaims are true and correct to the best of my knowledge and belief.

Respectfully submitted, this 3ᴿᴰ day of June, 2013.

Clyde Armory, Inc.

By:  *Andrew S. Clyde*
Andrew Clyde, individually and as
President of Clyde Armory, Inc.

Sworn to and subscribed before
me, this 3ʳᵈ day of June, 2013

_____
NOTARY PUBLIC

JEFFREY M. CICORA
NOTARY
PUBLIC
EXP. FEB. 17, 2017
ATHENS-CLARKE COUNTY, GA

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he has this 4th day of June, 2013, filed the

foregoing   *VERIFIED ANSWER AND DEFENSES TO COMPLAINT FOR FORFEITURE IN*

*REM AND COUNTERCLAIMS*   using   the Court's Case Management/Electronic Case   Filing

system, which will automatically deliver notice of, and serve, the foregoing document to the

following parties in this case:

Michael J. Moore
United States Attorney &
Danial E. Bennett
Assistant United States Attorney
United States Attorney's Office for the Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202-1702

This 4th day of June, 2013.

PRIOR, DANIEL & WILTSHIRE, LLC

By:      */s/ Michael C. Daniel*
         Michael C. Daniel
         State Bar No. 204237
         Attorney for Claimant

490 N. Milledge Avenue
Athens, Georgia 30601
(706) 543-0002