**IN THE UNITED STATES DISTRICT COURT**
**FOR THEMIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| **Plaintiff,** | : | **CASE NO.: 3:13-CV-62 (CDL)** |
| | : | |
| **v** | : | |
| | : | |
| **$940,313.00 IN UNITED STATES** | : | |
| **FUNDS,** | : | |
| **Defendant Property,** | : | |
| | : | |
| **ANDREW CLYDE; and** | : | |
| **CLYDE ARMORY INC.** | : | |
| **Claimants** | : | |
| | : | |

**UNITED STATES' RESPONSE TO CLAIMANTS'**
**PETITION FOR IMMEDIATE PARTIAL RELEASE OF**
**SEIZED PROPERTY AND DEPRIVATION HEARING**

COMES NOW, the United States of America, Plaintiff, by and through its attorney, the United States Attorney for the Middle District of Georgia, and hereby opposes and responds to Claimant's Petition for Immediate Partial Release of Seized Property and Deprivation Hearing [Doc. 7], filed by Claimants Andrew Clyde and Clyde Armory Inc., through their counsel, Michael C. Daniel, Esquire.

Andrew Clyde, owner of a large firearms dealership in Bogart, Georgia, structured $940,313.00 ("Defendant Property") in cash deposits into one of his business accounts from May 2012 through March 2013. As a direct consequence of this illegal activity, Special Agents with the United States Department of Treasury, Internal Revenue Service, Criminal Investigation (IRS-CI) obtained a seizure warrant

and took the Defendant Property into federal custody.  This civil forfeiture action followed [Doc. 1].

After filing a Claim and Answer [Docs. 4 & 5], Claimants Andrew Clyde and Clyde Armory, Inc. filed a Motion for Immediate Partial Release of Seized Property and Deprivation Hearing [Doc 7].  Claimants asks the Court "to release a substantial portion of the Defendant Property to allow Clyde Armory Inc. to have operating capital for its business"  [*Id.* at p. 3].   Claimants based their motion on Title 18, United States Code, Section 983(f), a hardship provision which permits the release of seized property only where certain conditions are met.  In support of this argument, Claimants argue that they are good candidates for 18 U.S.C. 983(f) relief because, in their estimation, Mr. Clyde and his firearms business meet the various criteria found in 18 U.S.C. 983(f)(1)(A)-(D), such as ties to the community and the financial hardship that the continued seizure of Defendant Property will continue to cause to the Claimants.

However, Claimants acknowledge that 18 U.S.C. § 983(f)(1)(E)'s limitation on which types of cases qualify for pretrial release of seized property poses a problem, at least "as it is interpreted by the Government" [Doc. 7, p. 4].  The Government respectfully submits that it is not just how the Government interprets it, but it is how every single court to decide the issue has interpreted it.  Furthermore, any Constitutional arguments based on the Excessive Fines Clause of the Eight Amendment are premature.   For the reasons that follow, the Government

2

respectfully submits that Claimants' reliance on the hardship provision found in 18 U.S.C. § 983(f) is as misplaced as their Eight Amendment claims are premature, and their motion should be denied.

## Argument and Citation to Authority

### A.    18 U.S.C. § 983(f) Does Not Permit Relief

The Civil Asset Forfeiture Reform Act of 2000 ("CAFRA") included a procedure allowing claimants to seek the pretrial release of seized property to avoid a hardship.  Title 18, United States Code, Section 983(f), describes circumstances in which the release of seized property is authorized.[1]  However, 983(f)(1) relief – the "immediate release of seized property" – is predicated on meeting *all of the conditions* found in Section 983(f)(1)(A)-(E), not just (A)–(D).   The Government need not address whether or not Claimants meet subsections (A)–(D) because subsection (E) is plainly not met.  Subsection (E) provides that to gain Section 983(f)(1) relief it must be the case that "none of the conditions set forth in paragraph (8) applies." Paragraph (8) states, in pertinent part, that: "[t]his subsection shall not apply if the

---

[1] Section 983(f) is the exclusive remedy for seeking release of property to avoid a hardship in civil forfeiture cases.  *See United States v. Contents of Accounts (Chavez),* 629 F.3d 601, 608 (6th Cir. 2011) (the availability of the hardship remedy under § 983(f) and Rule G(8)(d) means that claimant's motion for an injunction compelling the Government to release his property under Rule 65 must be denied; Congress evidently intended § 983(f) to be the remedy for avoiding the severe consequences of a seizure for forfeiture); *United States v. Douleh*, 220 F.R.D. 391, 396 (W.D.N.Y. 2003) (section 983(f) is the exclusive remedy for seeking release of property to avoid a hardship; Rule 41(g) motion dismissed); *United States v. 8 Gilcrease Lane,* 587 F. Supp.2d 133, 140 (D.D.C. 2008) (following *Douleh*; Section 983(f) governs motions for the release of property seized for forfeiture pending trial).

seized property: (A) is contraband, currency, or other monetary instrument, or electronic funds …" 18 U.S.C. §983(f)(8)(A).  This proscription on the pretrial release of currency is qualified by the following: "unless such currency or other monetary instrument or electronic funds [here, $940,313.00 seized from a bank account] constitutes the assets of a legitimate business which has been seized."  *Id*.

Clyde Armory Inc. was not seized; $940,313.00 of its owner's structured currency was seized.  As such, Section 983(f) hardship relief is simply not available to the Claimants because no business - legitimate or otherwise - has been seized, and they have no basis under applicable law to request that the seized funds be returned prior to adjudication of the forfeitability of the Defendant Property.  "In the case of currency, the courts uniformly hold that the exemption for "businesses" applies only when the Government has seized the business itself, and not when it has merely seized currency belonging to the business." STEFAN D. CASSELLA, ASSET FORFEITURE LAW IN THE UNITED STATES  56 (Juris Net, LLC, 2006); *See United States v. Contents of Accounts (Chavez),* 629 F.3d 601, 608 (6th Cir. 2011) (currency may be released under § 983(f) only if the business to which the currency belongs constitutes a legitimate business that has been seized); *Kaloti Wholesale, Inc. v. United States*, 525 F. Supp. 2d 1067, 1070 n. 2 (E.D. Wis. 2007) (where Government did not seize the business itself but only a portion of its inventory, the exception to the prohibition regarding the release of seized currency did not apply); *United States v. 8 Gilcrease Lane,* 587 F. Supp.2d 133, 140 (D.D.C. 2008) ("the noun that 'which has been seized'

4

modifies is 'business' not 'assets'; even if seizure of 100 percent of its capital were considered the constructive seizure of the business, claimant did not show that the business – which was a Ponzi scheme – was "legitimate"); *In re: Seizure Warrants Issued*, 593 F. Supp.2d 892, 894 (N.D. W. Va. 2008) (following *Kaloti*; the exception in § 983(f)(8) applies only if the business has been seized; seizure of its funds does not constitute constructive seizure where the business continues to operate); *United States v. Contents of Account 4000393242*, 2010 WL 3398142 (S.D. Ohio Jan. 2, 2010) (under § 983(f)(8), claimant may not seek release of funds seized from a bank account unless he establishes that they were the funds of a business that has been seized; the reference is to the seizure of *the business*, not to the seizure of the funds). Thus, to the extent the instant motion is premised on the hardship provision of 18 U.S.C. 983(f), the United States respectfully submits that the motion should be denied.

### B.    Claimants' Eight Amendment Contentions are Premature

Claimants next suggest that if they do not qualify for relief under 18 U.S.C. § 983(f), then 18 U.S.C. § 983(f) must be unconstitutional.  Without citation to a single authority for their proposition, Claimants reason that Congress did not intend to craft 18 U.S.C. § 983(f) in such a manner as to preclude relief to them.  To the contrary, a careful review of the structure of 18 U.S.C. § 983(f) clearly shows that Congress recognized that currency, like other monetary instruments, and electronic funds are precisely the type of property most likely to be dissipated upon return to a

claimant, and so it prohibited the pretrial release of such property except in cases where a legitimate business is seized, and even then, only after the legitimate business establishes that its hardship outweighs the risk of dissipation or loss. *See* 18 U.S.C. § 983(f)(8)(A).

Claimants then suggest that to interpret 18 U.S.C. § 983(f) as it is actually written would violate Claimants' rights guaranteed by the Eight Amendment. However, this contention ignores a body of case law that holds that a challenge to a forfeiture on Eighth Amendment grounds cannot be made until "after the precise amount of the property forfeited and the evidence of the underlying offense are in the record and can properly be compared." *United States v. $109,086.00 in U.S. Currency*, 2005 WL 1923613, *4 n.1 (S.D. Tex. Aug. 10, 2005). Thus, in civil forfeiture cases like this one, an Eighth Amendment challenge can be made only once the trial is complete and the court has found that the property is subject to forfeiture in accordance with the applicable statute. *See United States v. All Funds . . . Held in the Name of Kobi Alexander*, 617 F. Supp. 2d 103, 129-30 (E.D.N.Y. 2007) (following *Medley Lane*; court cannot determine excessiveness of the forfeiture until after it determines the gravity and magnitude of the alleged offenses at trial); *United States v. 8 Gilcrease Lane,* 587 F. Supp.2d 133, 148 n.10 (D.D.C. 2008) ("a § 983(g) petition to determine whether a forfeiture is constitutionally excessive should be considered only after a forfeiture has been decreed"); *United States v. Funds in the Amount of $170,926.00*, 985 F. Supp. 810, 813 (N.D. Ill. 1997) (motion to dismiss civil complaint on Eighth

Amendment grounds denied; court should not address excessive fines challenge until the Government has established forfeitability at trial); *United States v. $22,361.83 U.S. Funds Seized From Various Accounts,* 2012 WL 1884386, *3 (E.D. Wash. May 23, 2012) (excessiveness determination must be made after the court determines whether forfeiture is appropriate; raising Eighth Amendment in a motion to dismiss is premature); *United States v. $93,110 in U.S. Currency,* 2008 WL 4183074 (D. Ariz. Nov. 20, 2008) (court issues judgment of forfeiture, finding property is forfeitable and rejecting innocent owner defense, and then gives claimant 60 days to file a petition raising excessiveness issues under Section 983(g)); *United States v. Real Property ... 6137 University Drive,* 2007 WL 1343268, at *2 (E.D. Mich. 2007) ("Any challenge as to excessiveness under the Eighth Amendment should wait until the Government has established forfeitability;" motion to dismiss the complaint based on the Excessive Fines Clause is premature); *United States v. 13 Firearms and Ammunition,* 2006 WL 1913360, at *2 (E.D. Ky. 2006) (claimant may not contest a civil forfeiture on Eighth Amendment grounds before the parties have conducted discovery and before the court has determined what property, if any, is subject to forfeiture); *United States v. Real Property at 1804 Rollings Hills Road,* 2006 WL 3449277, at *3 (W.D. Wis. 2006) (motion for summary judgment based on the Eighth Amendment "cannot be decided until it is determined that the property at issue is subject to forfeiture"); *United States v. One Parcel...32 Medley Lane,* 2005 WL 465421, at *1 (D. Conn. 2005) (whether a civil forfeiture is constitutionally excessive will be

determined by the court following the jury's determination that the defendant property is subject to forfeiture and that the claimant is not an innocent owner; attempt to litigate Eighth Amendment issue during the forfeiture trial denied), aff'd *sub nom. von Hofe v. United States,* 492 F.3d 175 (2nd Cir. 2007).

## Conclusion

Claimants' motion is premised on a statutory hardship provision that simply does not apply to the facts of this case.  That reality does not *ipso facto* render the statutory hardship provision unconstitutional.   As Claimants have not demonstrated how they are entitled to relief based upon the statutory basis upon which they rely, the United States respectfully submits that the instant Motion for Immediate Partial Release of Seized Property and Deprivation Hearing [Doc. 7] is properly denied.

MICHAEL J. MOORE
UNITED STATES ATTORNEY


By:    s/ DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY
GEORGIA STATE BAR NO.  052683
UNITED STATES ATTORNEY'S OFFICE
Post Office Box 1702
Macon, Georgia 31202-1702
Telephone: (478) 752-3511
Facsimile: (478) 621-2712

<u>CERTIFICATE OF SERVICE</u>

I, DANIAL E. BENNETT, Assistant United States Attorney hereby certify that on the 20th day of June, 2013, I electronically filed the written and foregoing United States' Response to Claimants' Petition for immediate Partial Release of Seized Property and Deprivation Hearing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

> Michael C. Daniel, Esq., at:
> mdaniel@pdwlawfirm.com
> Attorney for Claimants Andrew Clyde and Clyde Armory, Inc.


> MICHAEL J. MOORE
> UNITED STATES ATTORNEY
>
> By:   s/ DANIAL E. BENNETT
>        ASSISTANT UNITED STATES ATTORNEY
>        GEORGIA STATE BAR NO.  052683
>        UNITED STATES ATTORNEY'S OFFICE
>        Post Office Box 1702
>        Macon, Georgia 31202-1702
>        Telephone: (478) 752-3511
>        Facsimile: (478) 621-2712