IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| Plaintiff, | : | |
| | : | CASE NO. 3:13-CV-62 |
| v. | : | |
| | : | |
| $940,313.00 IN UNITED STATES FUNDS, | : | |
| | : | JURY TRIAL DEMANDED |
| | : | |
| Defendant Property. | : | |

**REPLY TO PLAINTIFF'S RESPONSE TO PETITION FOR IMMEDIATE PARTIAL RELEASE OF SEIZED PROPERTY AND DEPRIVATION HEARING**

COME NOW, Claimants Andrew Clyde and Clyde Armory, Inc. and file this, their Reply to Plaintiff's Response to Petition for Immediate Partial Release of Seized Property and Deprivation Hearing. Plaintiff contends that any Eighth Amendment challenge must be made after a trial and determination that the property is subject to forfeiture. Showing the Court the following, Claimants respectfully submit that an adjudication of the forfeitability of property is not required prior to a determination of whether the confiscation of the property constitutes an excessive fine.

**ARGUMENT AND CITATION TO AUTHORITY**

Claimants correctly raise a constitutional argument against forfeiture of the entire amount of the Defendant Property at this juncture in the proceedings. Eleventh Circuit precedent holds that arguments must be raised before the district court otherwise they are waived on appeal. *Hall v. Dekalb County Gov't*, 503 Fed. Appx. 781, 786 (11th Cir. 2013) (holding that "to properly preserve an issue for appeal, a party must first clearly present it to the district court in such a way as to afford the district court an opportunity to recognize and rule on it). The question of whether a forfeiture violates the Eighth Amendment is one that a district court must answer. The

Eleventh Circuit in *United States v. Land*, 163 F. 3d 1295, 1303 (1998) remanded the issue of whether a forfeiture violated the Eighth Amendment to the district court to decide in the first instance, reasoning that "the issue of excessive fines may depend on various factors and conduct with which the district court is more familiar . . . ."  Thus, Claimants properly raise the issue of excessive fine at this stage of the forfeiture proceedings.

The Eleventh Circuit Court of Appeals has not directly addressed the issue of whether an Eighth Amendment excessive fines analysis may only be made after the court has determined that the property is subject to forfeiture.  All cases cited by Plaintiff for the proposition that the excessive fine issue is to be addressed after the property is found to be forfeitable are the decisions of district courts in other circuits.  Furthermore, all but one of the cases cited by Plaintiff are distinguishable from the case at bar in that all the defendant property in those cases were connected to criminal activities such as narcotics offenses, securities fraud, money laundering, the unlawful importation of chemicals, kidnapping, and fraudulent medical billings.[1]  In those cases, which involve claims alleging more egregious conduct, it is reasonable to conclude that a court must first conduct a trial to elucidate and identify evidence supporting the more factually complex allegations and grave conduct involved.  In contrast, the only claim here is structuring of transactions to evade reporting requirements.  No additional wrongdoing is alleged.  Furthermore, the property at issue here represents the profits of legitimate business

---

[1] *United States v. Funds in the Amount of $170,926.00*, 985 F. Supp. 810, 813 (N.D. Ill. 1997) is the only case cited by Plaintiff which involves the claim that the defendant property was involved in the structuring of financial transactions to evade reporting requirements and which does not allege other wrongful conduct.  While this case is similar in its facts to the case at bar with respect to the alleged conduct, the *$170,926.00* court notes that the Seventh Circuit does not apply a proportionality test comparing the amount subject to forfeiture to the gravity of the offense as is applied by the Eleventh Circuit when conducting an excessive fine analysis; instead, the Seventh Circuit applies an instrumentality test under which a forfeiture is considered excessive if the connection between the offense and the property is incidental and fortuitous.  *Id.* at 813.  The court in *$170,926.00* declined to conduct an Eighth Amendment analysis prior to the Government establishing that the defendant property constituted an instrumentality and the claimant had the opportunity to show that the funds were legitimately obtained.  *Id.* at 814.  Because the Eleventh Circuit's proportionality test focuses on different factors in determining excessiveness than focused on by the court in *$170,926.00*, we respectfully submit that *$170,926.00* is distinguishable and therefore not persuasive here.

operations rather than proceeds from illicit activity. Therefore, it is not necessary here to determine the amount of property generated as a result of illegal activities as there would be in other cases, where the property at issue does represent ill-gotten gains.

In *United States v. All Funds on Deposit at Citigroup Smith Barney Account No. 600-00338*, 617 F. Supp. 2d 103, 130 (E.D.N.Y. 2007), one of the cases cited by Plaintiff in its Response, the court noted the possibility of determining as a matter of law that "a civil forfeiture claim, if proven, would violate the Eighth Amendment on basis of the pleadings alone." The court in *All Funds* ultimately held that under the circumstances of that case, it was not possible to make such a determination based on the pleadings because there was no basis at that stage of the proceedings for determining the gravity and magnitude of the alleged offenses. *Id. All Funds* involved allegations of money laundering and a stock backdating scheme constituting securities fraud. *Id.* at 111. In that case, the accounts containing funds subject to forfeiture contained proceeds from the alleged illegal conduct. *Id.* This case does not involve claims alleging grave criminal conduct which would require an extensive trial to identify evidence supporting factually complex claims. None of the Defendant Property here constitutes illegal proceeds. Therefore, in this case, a court could make an Eighth Amendment determination based on the pleadings, assuming the claim is proven, whether forfeiture of the entire amount would be constitutional. A court in the Eleventh Circuit, after reviewing similar cases involving forfeiture and applying the Eleventh Circuit's test for excessive fines, would likely conclude that in this instance, simply based on the facts asserted in the pleadings, forfeiture of the entire amount would not comport with the Eighth Amendment.

In determining whether a forfeiture constitutes an excessive fine, the amount of the forfeiture is compared to the gravity of a defendant's offense. *United States v. Chaplin's, Inc,*

646 F. 3d 846, 851 (2011) (*citing United States v. Bajakajian*, 524 U.S. 321, 334 (1998)).  If the amount is grossly disproportional to the gravity of the offense, the forfeiture is unconstitutional. *Id.*  The *Chaplin's* Court held that forfeitures far in excess of the statutory fine range are likely to constitute excessive fines.  *Id.* (*quoting  United States v. 817 N.E. 29th Drive, Wilton Manors, Fla.*, 175 F.3d 1304, 1309 n.9 (11th Cir. 1999)).  Further, the Eleventh Circuit in *Chaplin's* focused on comparing the severity of the alleged conduct involved and the amount forfeited in that case to amounts forfeited and the conduct involved in other cases, stating that the criminal conduct in *Chaplin's* was more serious than the conduct involved in other cases where the forfeiture was determined to be excessive.  *Id.* at 855.  Holding that the forfeiture of the amount of $1,877,262 was not excessive, the *Chaplin's* court specifically noted that the conduct of the defendant was not similarly benign as the conduct alleged in *Bajakajian*, which merely involved a reporting offense, and further that the conduct in *Chaplin's* involved money laundering of drug proceeds, which was the exact conduct that Congress intended to fall within the scope of the money laundering statute.  *Id.*  The court in *Chaplin's* also noted that in cases where the forfeiture constituted an excessive punishment, the property at issue was not related to any other criminal activities.

In this case, a court in this Circuit would likely look to *United States v. Ramirez,* 421 Fed. Appx. 950 (2011) for guidance given the similarity of the conduct and the amount of currency involved.  In *Ramirez*, the Government alleged the defendant engaged in structuring financial transactions to evade reporting requirements in violation of 31 U.S.C. § 5324.  *Id.* at 951.  The district court ordered a forfeiture of $103,000, which essentially constituted a forfeiture of $1,000.00 per violation. *United State v. Ramirez*, Case No. 6:09-cr-45-Orl-35KRS (M.D. Fl. 2011), *affirmed by United States v. Ramirez*, 421 Fed. Appx. 950, 953 (11th Cir.

2011). The Government appealed the district court's decision on the basis that it did not require forfeiture of the entire amount "involved in" the act of structuring. *Id.* The amount "involved" which the Government argued was subject to forfeiture was a total of $967,100. *Id.* at 952. Looking to *Bajakajian*, the Eleventh Circuit in *Ramirez* affirmed the district court's order, holding that the district court did not err in deciding that forfeiture of the entire $967,100 would constitute an excessive fine. *Id.* The *Ramirez* court specifically noted that although the defendant faced a mandatory forfeiture of all the property involved in the structuring offense, "a forfeiture of that magnitude would be grossly disproportional to Ramirez's crime." *Id.* The court remarked that the defendant did not try to conceal his actions nor did the property constitute proceeds of illegal activities. *Id.* The court further noted that forfeiture of the entire amount would have been twelve times the amount of the fine mandated by the sentencing guidelines, and that the only consequences of his conduct was to deprive the Internal Revenue Service of the information that would have been contained in a currency transaction report. *Id.*

The facts here are strikingly similar to the facts of *Ramirez*. Therefore, given the alleged conduct and the large amount of property at issue, a forfeiture of the entire amount would result in an excessive fine in violation of the Eighth Amendment. The sole claim alleged is that the Defendant Property was connected to the structuring of financial transactions and is therefore subject to forfeiture. The only harm that may be caused by structuring transactions when it is not accompanied by other wrongdoing is the deprivation of information that would otherwise be disclosed to the Internal Revenue Service through currency transaction reports. Based on the facts alleged, forfeiture of the entire amount would constitute an excessive fine. Given this conclusion, there is no reason for the Government to continue maintaining in its custody the

entire amount of $940,313.00. Based on *Ramirez*, a forfeiture of $1,000.00 per violation would be constitutional, and any amount beyond that should be released to Claimants.

The unique nature of forfeiture actions requires that an excessiveness analysis be made as early as possible in the proceedings. In the case of forfeiture, the Government seizes and keeps in its possession all property it deems subject to forfeiture, even though a court or jury has yet to identify evidence supporting a finding of forfeitability. While a forfeiture trial is pending, not only is the individual deprived of his or her property, he or she is also deprived of the opportunity to use the property to generate additional proceeds. The fact that property is seized prior to a trial on the merits sets forfeiture cases apart from other cases where the government has the burden to prove guilt before a fine is imposed. Because forfeiture actions do not afford the same due process safeguards before property is confiscated, an excessive fine analysis should be done early on in forfeiture proceedings, especially in cases such as this, where it is possible to determine as a matter of law that, should the property be subject to forfeiture, forfeiture of the entire amount would be grossly disproportional compared to the gravity of the alleged offense. By making an Eighth Amendment determination at an earlier stage in the proceedings, in cases where it is evident from the pleadings that a forfeiture of all property would be unconstitutional, the claimant would not have to be deprived of his or her property longer than necessary.

## CONCLUSION

Plaintiff asserts that this Court is precluded from making an Eighth Amendment excessive fine assessment until after the determination that the property is subject to forfeiture. However, the Eleventh Circuit Court of Appeals has not addressed the question of when a district court may or should conduct an Eighth Amendment analysis. In support if its argument, Plaintiff

cites to the decisions of district courts in other circuits, but notably, neglects to cite a single case from the Eleventh Circuit.

With the exception of *United States v. Funds in the Amount of $170,926.00,* the cases cited by Plaintiff are distinguishable from the case at bar in that they involve claims of serious criminal conduct which by their nature would require a trial to elucidate and identify evidence supporting the more factually complex and grave allegations before an Eighth Amendment issue could be evaluated.  Although *$170,926.00* is similar in that the only claim asserted is the structuring of transactions, that case is not persuasive as the court focused on factors that would be relevant to an instrumentality test for excessiveness rather than the Eleventh Circuit's proportionality test.  In this case, under the proportionality test, a forfeiture of the entire amount at issue would be unconstitutional.  Moreover, comparing the conduct alleged in the Complaint and amount at issue here to the conduct and amount involved in *Ramirez* would yield the conclusion that forfeiture of the entire $940,313.00 would constitute an excessive fine.

Furthermore, the unique nature of forfeiture actions calls for an Eighth Amendment excessive fine analysis early on in the proceedings.  The lack of procedural safeguards in forfeiture proceedings distinguishes forfeiture actions from other criminal actions in which guilt is decided before a fine is assessed.  Because of this distinction, where it can be discerned from the pleadings whether the forfeiture would constitute an excessive fine, a court should address the excessiveness issue promptly, and any property seized beyond the amount that the court deems constitutional should be released to the claimant.

For all the above reasons, Claimants respectfully submit that the Court should make an excessiveness analysis at this stage of the proceedings, and order the Plaintiff to release any amount of property beyond the amount that would comport with the Eighth Amendment's

excessive fine clause.  Based on the district court's order in *Ramirez* and the allegations in this case, Claimants humbly assert that any amount beyond $109,000 would constitute an excessive fine.

>Respectfully submitted this the 11th day of July, 2013.

             **PRIOR, DANIEL & WILTSHIRE, LLC**

         By: */s/ Michael C. Daniel*
            Michael C. Daniel
            State Bar No. 204237
            Attorney for Claimants

490 N. Milledge Ave.
Athens, GA 30601
(706) 543-0002
mdaniel@pdwlawfirm.com

CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that he has this 11th day of July, 2013, filed the foregoing *REPLY TO PLAINTIFF'S RESPONSE TO PETITION FOR IMMEDIATE PARTIAL RELEASE OF SEIZED PROPERTY AND DEPRIVATION HEARING* using the Court's Case Management/Electronic Case Filing system, which will automatically deliver notice of, and serve, the foregoing document to the following parties in this case:

Michael J. Moore
United States Attorney &
Danial E. Bennett
Assistant United States Attorney
United States Attorney's Office for the Middle District of Georgia
P.O. Box 1702
Macon, Georgia 31202-1702

This 11th day of July, 2013.

PRIOR, DANIEL & WILTSHIRE, LLC

By: */s/ Michael C. Daniel*
Michael C. Daniel
State Bar No. 204237
Attorney for Claimants

490 N. Milledge Avenue
Athens, Georgia 30601
(706) 543-0002